**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2019**

DENEEN HARRIS; JESSIE HARVEY; JOSEPH BRADLEY; STEVEN HYDE; LINDA REID; JANAKIBAI THEOGARAJ; FRED TYRRELL; BARBARA WILLIAMS; LINDA TYREE,

Plaintiffs – Appellants,

v.

UNITED STATES OF AMERICA,

Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:10-cv-00027-REP)

Submitted: March 1, 2011          Decided: March 17, 2011

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen Domenic Scavuzzo, McLean, Virginia, for Appellants. Neil H. MacBride, United States Attorney, Robin Perrin Meier, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deneen Harris, Jessie Harvey, Joseph Bradley, Steven Hyde, Linda Reid, Janakibai Theogaraj, Linda Tyree, Fred Tyrrell, and Barbara Williams (collectively, "Plaintiffs") filed suit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (2006). Plaintiffs are all present and former employees of Hunter Holmes McGuire Veterans Affairs Medical Center ("VAMC") in Richmond, Virginia. As a basis for the FTCA claim, the complaint relied on federal and state constitutional law, federal statutory and regulatory law, and a provision of the Virginia Health Records Privacy Act ("VHRPA"), Va. Code Ann. § 32.1-127.1:03 (2010). The Government filed a motion to dismiss the complaint, and after a hearing, a magistrate judge recommended granting the Government's motion. The district court adopted the recommendation over Plaintiffs' objections, and Plaintiffs noted a timely appeal. We affirm.

On appeal, Plaintiffs' arguments all address whether the district court erred in holding the VHRPA does not create a private cause of action. They argue that the district judge erred in dismissing their claim on the grounds that they alleged a "seizure" and not a "disclosure."

This Court reviews a district court's Rule 12(b)(1), (6) dismissal de novo. Philips v. Pitt Cnty. Mem'l Hosp.,

2

572 F.3d 176, 179-80 (4th Cir. 2009); Etape v. Chertoff, 497 F.3d 379, 382 (4th Cir. 2007). A district court should dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if it fails to allege facts upon which subject matter jurisdiction can be based or if the jurisdictional allegations in the complaint are not true. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). A district court should dismiss a complaint pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Because Plaintiffs brought this action under the FTCA, their claims are governed by the law of Virginia, the state where the alleged tortious government conduct occurred. See 28 U.S.C. § 1346(b)(1) (2006). The United States is only liable under circumstances where a private person would be liable to the claimant. Id.

Assuming, without deciding, that the VHRPA does provide a private right of action, we conclude that the district court properly dismissed the complaint. The statute prohibits disclosure of an individual's health records, "except when permitted or required by this section or by other provisions of

3

state law." Va. Code Ann. § 32.1-127.1:03(A). The facts alleged in the complaint state only that agents from the Department of Veterans Affairs Office of Inspector General ("VA OIG") seized records "without a warrant, without probable cause, [and] without written authorization," not that the records were disclosed to any third party.

Furthermore, even if VA OIG's actions constitute a disclosure, disclosure to law enforcement officials is permitted "if the health care entity believes in good faith that the information disclosed constitutes evidence of a crime." Va. Code Ann. § 32.1-127.1:03(D)(31). We conclude that Plaintiffs' bare allegation that the VA OIG did not act in good faith is insufficient to circumvent this statutory exception. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp., 550 U.S. at 555. Federal law grants inspectors general broad authority "to have access to all records, reports, audits, reviews, documents, papers, recommendations, or other material available to the applicable establishment which relate to programs and operations with respect to which that Inspector General has responsibilities." 5 U.S.C. app. § 6(a)(1) (2006).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and would not aid the decisional process.

AFFIRMED